# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

MICHAEL S. MARLIN,

                              Appellant,          DECISION & ORDER

-vs-

UNITED STATES TRUSTEE,                             05-CV-6137-CJS

                              Appellee.

---

## APPEARANCES

| | |
|---|---|
| For Appellant: | David D. MacKnight, Esq. |
| | Lacy Katzen LLP |
| | The Granite Building |
| | 130 East Main Street |
| | Rochester, NY 14604 |
| For Appellee: | Kathleen Dunivin Schmidt, Esq. |
| | 100 State Street |
| | Room 6090 |
| | Rochester, NY 14614 |

## INTRODUCTION

This is an action in which appellee United States Trustee ("Trustee") is seeking revocation of appellant Michael S. Marlin's ("Marlin") discharge in bankruptcy pursuant to 11 U.S.C. § 727(d)(1). Now before the Court is appellant's motion for certification of a permissive appeal pursuant to 28 U.S.C. 1292(b). For the reasons that follow, the application is denied.

**BACKGROUND**

The instant motion arises from proceedings in the United States Bankruptcy Court for the Western District of New York regarding Marlin's Chapter 7 bankruptcy petition. The facts of this case were set forth in detail in a prior Decision and Order of the Honorable John C. Ninfo, II, Chief United States Bankruptcy Judge for the Western District of New York. *See, In re Marlin,* Nos. 03-23073, 04-2168, 2005 WL 613402 at *1-2 (Bankr. W.D.N.Y. March 16, 2005). For purposes of the instant motion, it is sufficient to note the following. Marlin filed a Chapter 7 bankruptcy petition on July 28, 2003[1] and C. Bruce Lawrence was appointed the Chapter 7 Trustee. On or about August 11, 2003, a Notice of Chapter 7 Bankruptcy Case Meeting of Creditors and Deadline Notice (the "Deadlines Notice") was sent to all of Marlin's creditors and other parties in interest, including the Office of the Trustee. The Deadlines Notice advised each recipient that November 3, 2003 was the deadline (the "Discharge Complaint Bar Date") to file a complaint objecting to the discharge of Marlin's case. On November 10, 2003, the Bankruptcy Court granted Marlin a discharge pursuant to 11 U.S.C. § 727. *See*, *In re Marlin*, 2005 WL 613402 at *1. Marlin's Chapter 7 case was closed on December 30, 2003. However, on October 5, 2004, the Trustee moved to reopen the case in order to investigate allegations that Marlin had failed to disclose or account for all of his assets on his schedules, and had therefore defrauded creditors. Judge Ninfo granted this motion on October 6, 2004.

---

[1] In his Decision and Order, Judge Ninfo designated the filing date of Marlin's Chapter 7 petition as July 23, 2003. However, as reflected by the docket, the actual filing date of the Chapter 7 petition is July 28, 2003.

On November 9, 2004, the Trustee filed a Complaint Seeking Revocation of Debtor's Discharge [#1] pursuant to 11 U.S.C. § 727(d)(1)[2] and alleged that Marlin's discharge was fraudulently obtained. Specifically, the Trustee alleged that the original statements and schedules submitted by Marlin omitted and concealed significant assets and income and undervalued disclosed assets. Additionally, the Trustee maintained that Marlin fraudulently testified at the initial § 341 meeting that these statements and schedules were complete and accurate. (*See*, Complaint by Trustee against Marlin [#1], ¶¶ 5-10.) In response, Marlin asserted an affirmative defense arguing that the Trustee's Complaint to revoke the discharge was time-barred. (*See*, Answer to Complaint [#3], at 2.)

On January 24, 2005, Marlin filed a Motion to Dismiss [#10] seeking summary judgment and dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 56. Marlin argued, inter alia, that case law interpreting applicable Federal Rules of Bankruptcy Procedure and the plain language of § 727(e)(1) indicate that the "time in which a party may seek to revoke the discharge expires at the end of the day on the first anniversary of the last day to file discharge objections." (Motion to Dismiss, ¶14.) In other words, Marlin argued that the plain meaning and case law interpretation of Federal Rules of Bankruptcy Procedure 4004(c)[3] and § 727 require that the one-year statute of limitations under § 727(e)(1) begin on the Discharge Complaint Bar Date. In support of his position, Marlin

---

[2]Section 727(d)(1) provides that "[o]n request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if...such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1).

[3]Rule 4004(c) provides in relevant part: "In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless...a complaint objecting to the discharge has been filed...."

cited *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-46 (1992) in which the U.S. Supreme Court interpreted the 30-day time limit to object to a debtor's claimed exemptions under Rule 4003(b). In *Taylor*, the Supreme Court held that "Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object 'unless ... further time is granted by the court.'" *Id.* at 643 (citing 11 U.S.C. § 522(l)). Additionally, Marlin cited *In re Dietz*, 914 F2d. 161, 163-164 (9th Cir. 1990), in support of the proposition that the discharge became effective on the expiration of the time set in the bankruptcy clerk's notice to file objections. In *Dietz*, the Ninth Circuit Court of Appeals held that in the absence of a formal order of discharge at the time of a requested revocation, a discharge was deemed "entered" upon the expiration of the 60-day period following the creditors' meeting. *Id.* at 164. Finally, Marlin argued that *In re Emery*, 132 F.3d 892 (2d Cir. 1998), stands for the proposition that the "actual" date of discharge refers to the expiration of the Rule 4004 time limit. Marlin maintained that to delineate the "actual date of discharge" as the date on which the clerk entered the discharge order would violate the *Taylor* court's rejection of equitable tolling to extend the time for objections regarding a debtor's claimed exemptions.

On November 9, 2005, the Trustee responded to Marlin's motion and contended that a plain-meaning interpretation of § 727(e)(1) mandates that the one-year time period begins to run from the entry of the discharge order and that *In re Emery* expressly rejected the argument that a court should look to the Discharge Complaint Bar Date. In that regard, the Trustee pointed out that in *Emery*, the Second Circuit Court of Appeals held that the statute of limitations for a creditor's action to revoke a Chapter 7 debtor's discharge, based on knowledge of the debtor's alleged fraud which the creditor acquired during the "gap

4

period" (the period between the bar date for objecting to discharge and the discharge date), began to run from the actual date of discharge. *Emery*, 132 F.3d at 897. Additionally, the Trustee argued that *Dietz* held that a discharge order will be deemed entered after the bar date has passed without objection only when a court fails to enter a discharge order before the time of the requested revocation. (Trustee's Reply to Debtor's Motion for Summary Judgment [#13], p. 2.)

In a supporting memorandum of law filed on February 11, 2005, Marlin argued that *In re Chalasani,* 92 F.3d 1300 (2d Cir. 1996), mandated strict construction of the § 727 and Rule 4004 deadlines as inflexible and mandatory rules, designed to bring finality to § 727 proceedings and to allow a debtor to obtain a fresh start as quickly as possible. In that regard, Marlin argued that measuring the § 727(e)(1) one-year time limit from entry of the order subverts the finality and fresh start policies governing § 727, the corresponding Federal Rules of Bankruptcy Procedure, and the *Taylor* court's stringent application of time limits. (Memorandum of Law in Support of Debtor's Motion to Dismiss, pp. 2-3.) In *Chalasani*, the court noted that once the Rule 4004 60-day deadline for objections had passed, revocation of discharge was only possible in three instances listed in § 727(d) and that § 727(d) could only be invoked within a year of discharge or, in limited cases, the closing of the case.[4] *Id.* at 1312. Additionally, Marlin argued that § 727 works in conjunction

---

[4]Section 727(d) provides in relevant part: "On request of the trustee...the court shall revoke a discharge granted under subsection (a) of this section if–
   (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
   (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property or to deliver or surrender such property to the trustee; or

(continued...)

5

or coordination with other Code sections. Specifically, he argued that § 523 and, in relevant part, Rule 4007(c), require a stringent bar date, and further, that the reasoning of courts interpreting these provisions is decisive in the present case. Marlin also cited *In re Medaglia*, 52 F.3d 451, 457 (2d Cir. 1995), which held that when unlisted actual creditors have timely and actual knowledge of a Chapter 7 case, but do not receive official notice of the bar date for dischargeability complaints, they are not deprived of the opportunity to be heard for due process purposes. *Id.* at 455. In citing *Medaglia*, Marlin sought to liken the Trustee to an unlisted creditor by asserting that the Trustee knew, that pursuant to § 727(e)(1), the bar date for objections limited complaints to revoke to a one-year window of the discharge, and that the Trustee knew that a discharge bar date was to be strictly applied. In short, Marlin argued in his supporting memorandum of law that *Medaglia*, and cases cited within its text, provide the correct legal analysis to reach the conclusion that a deadline for a revocation complaint under § 727(d) should be strictly construed.

On February 28, 2005, Marlin filed a supplemental memorandum of law on the Motion to Dismiss [#16]. In this memorandum, Marlin re-emphasized the "fresh start policy" and cited Second Circuit decisions for the proposition that a discharge is a vital element of a debtor's fresh start, and that speed and efficiency in the resolution of discharge issues are essential means to this end. (Debtor's Supplemental Memorandum at 1-3.) Additionally, Marlin argued that the Bankruptcy Court was bound by the Federal Rules of Bankruptcy Procedure and cited case law for the proposition that the Rules have the force

---

[4](...continued)
  (3) the debtor committed an act specified in subsection (a)(6) of this section."
11 U.S.C. § 727(d)(1)-(3).

6

of statutes and cannot modify a party's substantive rights. Finally, Marlin repeated previously-made arguments regarding parallel construction and similar language between the statute and rule at issue with unrelated statutes and rules in order to support his proposed construction and interpretation of § 727, Rule 4004, and the *Emery* decision.[5]

On March 19, 2005, Chief Bankruptcy Judge Ninfo issued a Decision and Order, *In re Marlin*, No. 03-23073 (Bankr. W.D.N.Y.2005), denying in all respects Marlin's Motion to Dismiss. Judge Ninfo found that the Revocation Complaint was timely filed for the following reasons: (1) Section 727(a) provides for an affirmative act on the part of the Bankruptcy Court to "grant" the debtor a discharge; (2) Rule 4004(c)(1)[6] does not provide that a discharge will automatically come into existence upon the expiration of the Bar Date — the Rule requires that the court take an affirmative act to grant the discharge forthwith; (3) together, Section 727(a) and Rule 4004(c)(1) clearly require an affirmative act by the court to "grant" a discharge; (4) Congress could easily have enacted § 727(a) to provide that a discharge be automatic upon the expiration of the Bar Date, if they so wished and the Supreme Court could likewise have enacted Rule 4004(c)(4) to provide the same; (5) Congress clearly and unambiguously provided that the one year statute of limitations under § 727(e)(1) runs from the date a debtor is "granted" a discharge and represents another conscious choice to not make the discharge automatic upon the expiration of the Bar Date or to make the one-year period run from that date; (6) when § 727(e)(1) is read

---

[5]At this time, it is unnecessary to discuss Marlin's supplemental memorandum as argued before Judge Ninfo. This memorandum, in its entirety, has been presented to this Court as part of the Motion for Leave to Appeal and will be discussed later in this opinion.

[6]Judge Ninfo's Decision and Order referred to Rule 4004(c)(1) as Rule 4001(c)(1) in discussion paragraphs 2 through 7. It is clear from the text of the opinion, however, that Judge Ninfo was discussing Rule 4004(c)(1). As such, this section of the opinion will reflect the appropriate Rule.

in conjunction with § 727(a), § 727(d)(1), and Rule 4004(c)(1), it is clear that the only date that a party filing a Discharge Revocation Complaint would or should have to look to is the date that the Bankruptcy Court "granted" a discharge; (7) the *Dietz* holding is distinguishable because a Discharge Order was never granted, whereas in the instant case, the Bankruptcy Court granted Marlin a discharge "forthwith" and within seven days after the expiration of the Bar Date; (8) the *Emery* court clearly held that the § 727(e)(1) limitations period would begin to run from the date that the Bankruptcy Court actually granted the discharge and there is no authority to enter an inconsistent decision or order; (9) policy concerns are not relevant when there is a clear and unambiguous statute and there is no reason why § 727 and Rule 4004(c)(1) should be interpreted to afford any immunity to a possibly dishonest debtor; and (10) neither the Supreme Court nor the Second Circuit has ever held that the statute of limitations period provided for by § 727 runs from the Bar Date. *In re Marlin*, 2005 WL 613402 at *2-3. On March 28, 2005, Marlin filed the subject Motion in this Court for Leave to Appeal [#23] that Decision and Order.

## STANDARD OF REVIEW

Appeals originating from cases in a bankruptcy court are governed by the standards of 28 U.S.C. § 158. *In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999). Pursuant to § 158(a), district courts have jurisdiction to hear appeals in three situations — two of which are automatic, § 158(a)(1) and (2), and one of which requires leave of the district court, § 158(a)(3). In the instant action, it is clear that the Court needs to determine whether this appeal qualifies under the standards of § 158(a)(3).

As provided by § 158(a), "final orders of a bankruptcy court may be appealed as of right … [whereas] appeals from nonfinal bankruptcy court orders may be taken only 'with

leave' of the district court." *In re Orange Boat Sales*, 239 B.R. 471, 473 (Bankr. S.D.N.Y. 1999). A motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and non-final order. *In re Aquatic Development Group, Inc.*, 196 B.R. 666, 669 ( Bankr. N.D.N.Y. 1996) (noting the well settled law that denial of a motion to dismiss a complaint is an interlocutory order); *see also, Americare Health Group, Inc. v. Melillo*, 223 B.R. 70, 74 (Bankr. E.D.N.Y. 1998) (explaining that a bankruptcy court's denial of a defendant's motion to dismiss is not a final order because it does not end the litigation on the merits).

The criteria governing an appeal under 28 U.S.C. § 158(a)(3) are not delineated by the statute itself, nor by the Bankruptcy Code. *In Re Orange Boat Sales*, 239 B.R. 471, 474 (Bankr. S.D.N.Y. 1999). However, "courts in this circuit have invariably held [that] all appeals governed by Section 158(a)(3) ... should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *In re Quigley*, 323 B.R. 70, 77 (Bankr. S.D.N.Y. 2005). As to a district court's decision whether to certify an appeal from an interlocutory order,

> [t]he Second Circuit has repeatedly urged the district courts to exercise great care in making a 1292(b) certification. Certification of a permissive interlocutory appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation and is not intended as a vehicle to provide early review of difficult rulings in hard cases.

*In re Levine*, No. 94-44257, 2004 WL 764709 at *2 (S.D.N.Y. Apr. 9, 2004). Under the standards of § 1292(b), a district court may only grant leave to appeal when

> a party seeking certification demonstrate[s] that the disputed ruling (1) involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*In re Manhattan Investment Fund Ltd.*, 288 B.R. 52, 56 (Bankr. S.D.N.Y. 2002); *see also*, 11 U.S.C. § 1292(b).[7] Additionally, in considering whether to certify an interlocutory appeal pursuant to § 1292(b), the Second Circuit has stated that "only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 92 F.2d 21, 25 (2d Cir. 1990) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Finally, "the determination of whether § 1292(b) certification is appropriate under these standards lies with the discretion of the district court." *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03 Civ. 7248 (JGK), 2004 WL 1286806 at *6 (S.D.N.Y. June 10, 2004).

## ANALYSIS

At oral argument, the Trustee clarified he was contesting only the second of the three requisites for a permissive appeal. In his reply papers, he stated that he "believes that the Bankruptcy Court's order is not a final appealable order, that there is no substantial ground for difference of opinion, and, as such respectfully requests this Court to not take discretionary jurisdiction over this appeal." (Trustee's reply brief [#5], p. 1.) The Court agrees with the Trustee. In view of that, the Court will address only the second requirement of 1292(b).

Turning to the dispute in this case, the second requirement for § 1292(b) certification involves a determination of whether there is a substantial ground for difference of opinion regarding the controlling question of law. 28 U.S.C. § 1292(b). In order to merit

---

[7]"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from an order may materially advance the ultimate termination of the litigation, he shall state in writing in such order." 28 U.S.C. § 1292(b).

certification, "[an issue] must involve more than a strong disagreement between adversary parties … [f]or example, there are substantial grounds … when the issue 'is difficult and of first impression.'" *North Fork Bank*, 207 B.R. at 390 (*quoting Klinghoffer*, 921 F.2d at 25). However, "the mere fact that a disputed issue is a question of legal impression is insufficient to demonstrate a substantial ground for difference of opinion." *Pollack v. Laidlaw Holdings, Inc.*, No. 90 Civ. 5799 (PKL), 1993 WL 254932 at *2 (S.D.N.Y. June 25, 1993). Additionally, "disagreement among courts outside the Second Circuit does not establish a substantial ground…." *Colon ex rel. Molina v. BIC USA, Inc.*, No. 00 Civ. 3666 (SAV), 2001 WL 88230 at *2 (S.D.N.Y. Feb. 1, 2001) (citing *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000)). Ultimately, "[i]t is the duty of the district judge faced with a motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is *substantial* ground for dispute." *Pollack v. Laidlaw Holdings, Inc.*, No. 90 Civ. 5799 (PKL), 1993 WL 254932 at *3 (S.D.N.Y. Jun. 25, 1993) (emphasis in original).

In the instant case, Marlin attempts to establish substantial grounds for difference of opinion through repetition of the arguments made in his supplemental memorandum.[8] However, Marlin fails to demonstrate any substantial grounds for a difference of opinion which would justify an interlocutory review. Marlin fails to frame the instant issue in a way that moves beyond a mere disagreement among adverse parties.

Marlin's principle argument in support of his position is that *In re Magundayao*, 313

---

[8] In light of the fact that the Supplemental Memorandum repeats arguments made in Marlin's initial Memorandum of Law, the Court will not summarize Marlin's arguments at length — these arguments have already been discussed at length and will only be addressed in the context in which they relate to the instant motion.

B.R. 175 (Bankr. S.D.N.Y. 2004), stands for the proposition that, under *Emery,* "a discharge is deemed to have issued when it should have issued rather than when it actually issued." *Id.* at 180. However, the Court is not persuaded by his argument. A closer examination reveals that *Magundayao* is referencing the *Emery* court's discussion of the effects that knowledge of fraud acquired during the "gap period" will have on § 727 time limits:

> if knowledge of fraud was obtained in the period after the Bar Date but before the Discharge Date (the Gap Period), the Discharge Date should be imputed back to the Bar Date so that the court's ministerial delay in granting a discharge did not create an unintended period of immunity for fraudulent debtors.

*In re Emery*, 132 F.3d at 894. In other words, Marlin proffers an incorrect reading of *Magundayao* — it is inapplicable in the instant case and the cited text is only relevant in the context of allowing a creditor who discovers a debtor's fraud during the "gap period" to file a timely adversary proceeding to revoke the discharge.

Furthermore, Marlin attempts to bolster his interpretation of § 727(e)(1) by comparing and contrasting the *Emery* decision with cases that do not apply § 727(e)(1), or that do not discuss the limitations period under Rule 4004(c)(1). However, the Court finds the *Emery* opinion clear and controlling and "that the § 727(e) limitations period…run[s] from the actual date of discharge." *In re Emery*, 132 F.3d at 897. Consequently, the Court concludes that there is not a substantial ground for dispute for purposes of § 1292(b).

## CONCLUSION

For all the foregoing reasons, Marlin's Motion for Leave to Appeal [#1] is denied.

This matter is remanded to the bankruptcy court for further proceedings, and the Clerk of the district court is directed to close the case.

Dated:   September 29, 2005
           Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge